IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Jamie Nicol Nilsen, | ) | |
| | ) | **ORDER GRANTING GOVERNMENT'S** |
| Petitioner, | ) | **MOTION TO RECONSIDER AND** |
| | ) | **DENYING DEFENDANT'S** |
| vs. | ) | **MOTION TO VACATE, SET ASIDE,** |
| | ) | **OR CORRECT SENTENCE** |
| United States of America, | ) | |
| | ) | Case No. 1:16-cv-152 |
| Respondent. | ) | |

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jamie Nicol Nilsen, | ) | Case No. 1:12-cr-111 |
| | ) | |
| Defendant. | ) | |

_____

On May 17, 2017, the Court entered an order granting the Defendant's "Motion to Vacate under 28 U.S.C. § 2255 (*Johnson* Claim)." See Docket No. 66. On June 14, 2017, the Government filed a "Motion for Reconsideration" related to the Court's determination in its May 17, 2017, Order, that Nilsen's North Dakota aggravated assault conviction did not qualify as an Armed Career Criminal Act ("ACCA") predicate. See Docket No. 67. The Government's motion is based on case law previously overlooked by the parties and the Court. Nilsen did not respond to the motion.

In its May 17, 2017, order, the Court determined that Nilsen's two North Dakota burglary convictions qualified as ACCA predicates but his North Dakota aggravated assault conviction did not qualify. The Government contends Nilsen's North Dakota aggravated assault conviction

1

qualifies as an ACCA predicate because his reckless *mens rea* argument is foreclosed by recent case law from the United States Supreme Court and the Eighth Circuit Court of Appeals holding that reckless conduct constitutes the use of force under the ACCA's force clause. See United States v. Voisine, 135 S. Ct. 2272, 2282 (2016); United States v. Fogg, 836 F.3d 951, 956 (8th Cir. 2016).

In *Fogg* the Eighth Circuit Court of Appeals held as follows:

> Neither our court nor the Supreme Court has decided whether a statute criminalizing the reckless discharge of a firearm can qualify as a violent felony under the ACCA's force clause. The Supreme Court has considered this issue, however, when analyzing the similarly worded force clause in 18 U.S.C. § 921(a)(33)(A)(ii) which defines a misdemeanor crime of violence as one involving the "use ... of physical force." See Voisine v. United States, --- U.S. ---, 136 S.Ct. 2272, ---, 195 L.Ed.2d 736 (2016). The Court held that crimes requiring a mental state of recklessness may qualify as crimes of violence under the force clause because "the word 'use' does not demand that the person applying force have the purpose or practical certainty that it will cause harm, as compared with the understanding that it is substantially likely to do so." Id. at 2279. Reckless conduct thus constitutes a "use" of force under the ACCA because the force clauses in 18 U.S.C. § 921(a)(33)(A)(ii) and the ACCA both define qualifying predicate offenses as those involving the "use ... of physical force" against another. Compare 18 U.S.C. § 924(e)(2)(B)(i), with 18 U.S.C. § 921(a)(33)(A)(ii); see also United States v. Rice, 813 F.3d 704 (8th Cir. 2016) (applying the Supreme Court's analysis of 18 U.S.C. § 921(a)(33)(A)(ii) to the ACCA's force clause).

United States v. Fogg, 836 F.3d 951, 956 (8th Cir. 2016), cert. denied, No. 16-7767, 2017 WL 468441 (U.S. May 15, 2017) (emphasis in original).

Based on the holding in *Fogg*, the Court will reverse its prior holding and now finds Nilsen's North Dakota aggravated assault conviction, which requires an intentional, knowing, or reckless *means rea*, qualifies as an ACCA predicate. The Court previously determined in its May 17, 2017, order that Nilsen's two North Dakota burglary convictions were ACCA predicates. See Docket No. 66, p. 15. Thus, the Court concludes, as a matter of law, that Nilsen is not entitled to the relief he seeks because he has three prior ACCA predicate convictions and still qualifies as an armed career

criminal.

For the reasons set forth above, the Government's motion for reconsideration (Docket No. 67) is **GRANTED**.  Section III(B) of the Court's order dated May 17, 2017, is vacated and replaced by this order.  The Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Docket No. 53) is **DENIED.**

Because reasonable persons may disagree as to whether Nilsen's convictions qualify as violent felonies under the ACCA's force clause, the Court finds Nilsen has satisfied the burden of making a "substantial showing of a denial of a constitutional right" as required by 28 U.S.C. § 2253, and a certificate of appealability should be issued.  Accordingly, and pursuant to 28 U.S.C. § 2253, the Court **GRANTS** Nilsen a certificate of appealability on the following issue presented to the Court, namely whether Nilsen qualifies as an armed career criminal under the ACCA in light of Johnson v. United States, 135 S. Ct. 2551 (2015).  The appeal may be taken *in forma pauperis*.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2017.

>  */s/  Daniel L. Hovland*
>  Daniel L. Hovland, Chief Judge
>  United States District Court